## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KAREEM HARGETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| NANTKWEST, INC., PATRICK SOON- | ) | |
| SHIONG, BARRY J. SIMON, JOHN C. | ) | |
| THOMAS, JR., FRED DRISCOLL, | ) | |
| MICHAEL BLASZYK, CHERYL COHEN, | ) | |
| NECTARINE MERGER SUB, INC., and | ) | |
| IMMUNITYBIO, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.     On December 21, 2020, NantKwest, Inc.'s ("NantKwest" or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused NantKwest to enter into an agreement and plan of merger (the "Merger Agreement") with Nectarine Merger Sub, Inc. ("Merger Sub") and ImmunityBio, Inc. ("ImmunityBio").

2.     Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into ImmunityBio, with ImmunityBio continuing as a wholly-owned subsidiary of NantKwest; and (ii) all of the outstanding shares of ImmunityBio common stock will be converted into the right to receive shares of NantKwest common stock (the "Proposed Transaction").

3.     On February 2, 2021, defendants filed a proxy statement/prospectus (the "Prospectus") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.     As set forth below, the Prospectus omits material information with respect to the Proposed Transaction, which renders the Prospectus false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Prospectus.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.     Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of NantKwest common stock.

9.     Defendant NantKwest is a Delaware corporation and a party to the Merger Agreement.  NantKwest's common stock is traded on the NASDAQ under the ticker symbol "NK."

10.     Defendant Patrick Soon-Shiong is Chairman of the Board of the Company.

11.     Defendant Barry J. Simon is President, Chief Administrative Officer, and a director of the Company.

12.     Defendant John C. Thomas, Jr. is a director of the Company.

13.     Defendant Fred Driscoll is a director of the Company.

14.     Defendant Michael Blaszyk is a director of the Company.

15.     Defendant Cheryl Cohen is a director of the Company.

16.     The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

17.     Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of NantKwest, and a party to the Merger Agreement.

18.     Defendant ImmunityBio is a Delaware corporation and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

19.     NantKwest is a clinical-stage immunotherapy company focused on treating cancer and infectious diseases.

20.     The Company is the leading producer of clinical dose forms of off-the-shelf natural killer cell therapies.

21.     On December 21, 2020, the Board caused NantKwest to enter into the Merger Agreement with the Merger Sub and ImmunityBio.

22.     Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into ImmunityBio, with ImmunityBio continuing as a wholly-owned

subsidiary of NantKwest; and (ii) all of the outstanding shares of ImmunityBio common stock will be converted into the right to receive shares of NantKwest common stock.

      23.     According to the press release announcing the Proposed Transaction:

ImmunityBio, a privately-held immunotherapy company, and NantKwest, Inc. (NASDAQ: NK), a clinical-stage, natural killer cell-based therapeutics company, today announced they have entered into an agreement to merge in a stock-for-stock transaction. The combination will create a leading immunotherapy and cell therapy company focused on oncology and infectious disease. . . .

Transaction Details

The transaction is structured as a tax-free 100% stock-for-stock merger, with ImmunityBio to reverse merge with NantKwest. Under the terms of the agreement, ImmunityBio shareholders will receive a fixed exchange ratio of 0.8190 shares of NantKwest for each share of ImmunityBio owned. Upon completion of the transaction, on a fully diluted basis, ImmunityBio shareholders will own approximately 72% of the combined company and NantKwest shareholders will own approximately 28% of the combined company, on a fully diluted basis.

A Special Committee of the NantKwest Board of Directors, consisting of independent Directors, undertook a thorough review of the transaction and unanimously recommended that the company proceed with the transaction.

The transaction, which is expected to close in the first half of 2021, is subject to shareholder approval by a majority of unaffiliated shareholders of NantKwest, in addition to other customary closing conditions. There is no filing requirement under the Hart-Scott-Rodino Antitrust Improvements Act for this transaction.

Following the closing of the transaction, the combined company will assume the ImmunityBio name and continue to be listed on the NASDAQ exchange. However, the combined company ticker symbol is expected to be changed to IBRX.

Leadership

Richard Adcock will become the CEO of the combined company, and Dr. Soon-Shiong will serve as Executive Chairman of the Board. The combined company will be headquartered at ImmunityBio's offices in Culver City, California.

Advisors

Goldman Sachs & Co. LLC and Lazard Frères & Co. LLC are serving as financial advisors to ImmunityBio. Fried, Frank, Harris, Shriver & Jacobson LLP is serving as legal counsel for ImmunityBio.

Barclays is serving as financial advisor to NantKwest's Special Committee. Goodwin Procter LLP acted as legal counsel for NantKwest's Special Committee.

***The Prospectus Omits Material Information, Rendering It False and Misleading***

24.     Defendants filed the Prospectus with the SEC in connection with the Proposed Transaction.

25.     As set forth below, the Prospectus omits material information.

26.     First, the Prospectus omits material information regarding the Company's, ImmunityBio's, and the pro forma company's financial projections.

27.     With respect to the Company's financial projections, the Prospectus fails to disclose, for each set of projections: (i) all line items used to calculate EBIT and EBITDA; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

28.     With respect to ImmunityBio's financial projections, the Prospectus fails to disclose, for each set of projections: (i) all line items used to calculate EBIT and EBITDA; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

29.     With respect to the pro forma company financial projections, the Prospectus fails to disclose: (i) all line items used to calculate EBIT; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

30.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

31.     Second, the Prospectus omits material information regarding the analyses performed by the Company's financial advisor, Barclays Capital, Inc. ("Barclays").

32.     With respect to Barclays' Discounted Cash Flow Analysis – NantKwest, the Prospectus fails to disclose: (i) the terminal values used in the analysis; (ii) the net operating losses and future losses used in the analysis; and (iii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates used in the analysis.

33.     With respect to Barclays' Discounted Cash Flow Analysis – ImmunityBio, the Prospectus fails to disclose: (i) the terminal values used in the analysis; (ii) the net operating losses and future losses used in the analysis; (iii) the after-tax impact of regulatory and commercial milestones estimated to be paid by ImmunityBio related to the Aldoxorubicin product; and (iv) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates used in the analysis.

34.     With respect to Barclays' Selected Comparable Company Analysis – NantKwest and ImmunityBio, the Prospectus fails to disclose the individual multiples and metrics for the companies observed in the analysis.

35.     With respect to Barclays' Equity Analyst Target Prices Analysis, the Prospectus fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

36.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

37.     The omission of the above-referenced material information renders the Prospectus false and misleading.

38.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and NantKwest**

39.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40.     The Individual Defendants disseminated the false and misleading Prospectus, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  NantKwest is liable as the issuer of these statements.

41.     The Prospectus was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Prospectus.

42.     The Individual Defendants were at least negligent in filing the Prospectus with these materially false and misleading statements.

43.     The omissions and false and misleading statements in the Prospectus are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Prospectus and in other information reasonably available to stockholders.

44.     The Prospectus is an essential link in causing plaintiff to approve the Proposed Transaction.

45.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

46.     Because of the false and misleading statements in the Prospectus, plaintiff is threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act**
**Against the Individual Defendants, ImmunityBio, and Merger Sub**

47.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48.     The Individual Defendants, ImmunityBio, and Merger Sub acted as controlling persons of NantKwest within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of NantKwest and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Prospectus, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

49.     Each of the Individual Defendants, ImmunityBio, and Merger Sub was provided with or had unlimited access to copies of the Prospectus alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

50.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Prospectus contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Prospectus.

51.     ImmunityBio and Merger Sub also had supervisory control over the composition of the Prospectus and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Prospectus.

52.     By virtue of the foregoing, the Individual Defendants, ImmunityBio, and Merger Sub violated Section 20(a) of the 1934 Act.

53.     As set forth above, the Individual Defendants, ImmunityBio, and Merger Sub had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Prospectus that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 11, 2021                    **RIGRODSKY LAW, P.A.**

                                    By:     */s/ Gina M. Serra*
                                            Seth D. Rigrodsky (#3147)
                                            Gina M. Serra (#5387)
                                            Herbert W. Mondros (#3308)
                                            300 Delaware Avenue, Suite 210
                                            Wilmington, DE 19801
                                            Telephone: (302) 295-5310
                                            Facsimile: (302) 654-7530
                                            Email: sdr@rl-legal.com
                                            Email: gms@rl-legal.com
                                            Email: hwm@rl-legal.com

                                            *Attorneys for Plaintiff*